FILED
MAY 30 2008
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUNO CHOINIERE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 0933 |
| ) | |
| SECRETARY OF THE DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION**

This matter is before the Court upon consideration of Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff's claims arise from administrative and criminal proceedings culminating in his conviction of health care billing fraud, fraudulent concealment of overpayment of health care benefits, and money laundering. *See United States v. Choiniere*, 517 F.3d 967 (7th Cir. 2008) (affirming convictions and sentence enhancement for using minors in furtherance of fraud scheme). Plaintiff appears to allege that the many named defendants, *see* Compl. at 4-10, conspired to deprive him of his civil rights and did deprive him of his civil rights under color of law in violation of 18 U.S.C. §§ 241, 242. *See id.* at 12 & Attach. (Defendants Involvement). He demands monetary damages, among other bases, to compensate him for lost business from the date of the criminal indictment to the expected date of his release from incarceration. *See id.*, Attach. (Relief).

To the extent that Plaintiff demands damages for defendants' alleged violations of

criminal statutes, he is not entitled to such relief. There is no private right of action under these criminal statutes. *See Keyter v. Bush*, No. 04-5324, 2005 WL 375623, at *1 (D.C. Cir. Feb 16, 2005) (per curiam) (affirming dismissal of claims "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action"), *cert. denied*, 546 U.S. 875 (2005); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action"); *see also Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005) (rejecting *pro se* plaintiff's assertion that subject matter jurisdiction exists pursuant to criminal statutes). Plaintiff is no more successful insofar as he demands damages in this civil rights action arising from his confinement. He may be awarded such damages only if he first establishes that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff does not satisfied the prerequisite and therefore fails to state a claim.

For these reasons, the Court will dismiss the complaint. Plaintiff's Motion for the Appointment of Counsel and "Motion to Enlarge the Number of Pages for the Attached Motion 42 C.F.R. §405.857" will be denied as moot. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 5/15/08

United States District Judge